# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXANDRIA REAL ESTATE EQUITIES, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>WILLIAM DEPIPPO,<br><br>*Defendant.* | Case No. 1:25-cv-10708-RGS |

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Alexandria Real Estate Equities, Inc. ("Alexandria," "ARE," or the "Company") and Defendant William DePippo ("DePippo"), by and through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Stipulated Protective Order" or "Order"):

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, personal, trade secret, and/or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than litigating this Action may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: The above-captioned action titled *Alexandria Real Estate Equities, Inc. v. DePippo*, Case No. 1:25-cv-10708-RGS, in the U.S. District Court for the District of Massachusetts, including any appeal thereof.

2.2    <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "<u>CONFIDENTIAL</u>" information:    Non-public product, business, customer, employee, financial, marketing, pricing, sales, personal, proprietary, or technical information, the disclosure of which the Producing Party believes, in good faith, may risk harm to an individual or to the business or the competitive position of the Producing Party.

2.4    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and In-House Counsel, as well as their respective support staff.

2.5    <u>Designating Party</u>:  A Party or Non-Party that produces and designates Litigation Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    <u>Litigation Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.7    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action; (2) is not a current employee of a Party or of a Party's competitor in the real estate industry; and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor in the real estate industry.

2

2.8    Final Disposition:  The later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information: Sensitive non-public information, including trade secrets, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the Producing Party.

2.10   In-House Counsel:  Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party.

2.12   Outside Counsel of Record:  Attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13   Party:  Any Party to this Action, including all of its officers, directors, employees, consultants, and retained experts (and their respective support staffs).

2.14   Producing Party:  A Party or Non-Party that produces Litigation Material in this Action.

2.15   Professional Vendors:  Persons or entities that provide contract document review or other litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, or retrieving data in any form or medium) who are subject to confidentiality obligations to the Receiving Party consistent with those set forth in this Order, including their employees and subcontractors.

2.16   Protected Material:    Any  Litigation  Material  that  is  designated  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   Receiving Party:  A Party that receives Litigation Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial of this Action shall be governed by a separate agreement or order.

4.   DURATION

Even after Final Disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Litigation Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or, as applicable, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each document that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or, as applicable, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party, (i) on the record at the deposition, hearing, or other proceeding, or (ii) by written notice within thirty (30) calendar days of receipt of the deposition transcript, designate the whole transcript or portions of the transcript (including exhibits) as "CONFIDENTIAL" or, as applicable, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY,". Only those portions of the testimony that are appropriately designated for protection shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and indicate the appropriate designation(s). The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for written notice of designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    for documents produced electronically in native format, such electronic files and documents, shall be designated for protection under this Order by the Designating Party by including the confidentiality designation on the placeholder sheet for each file, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an Expert, the Party printing the electronic files or documents shall include the confidentiality designation placeholder sheet for each file.

(d)    for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or, as applicable, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(e)     In the event that DePippo produces to Alexandria any of Alexandria's own documents or information, Alexandria shall be permitted to disclose such documents or information to any of the categories of recipients in Paragraph 7.2, even if DePippo designated such documents or information as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Alexandria shall also have the right to designate such production (or portions thereof) as "CONFIDENTIAL" (if produced by DePippo without a "CONFIDENTIAL" designation) or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (if produced by DePippo with a "CONFIDENTIAL" designation or with no designation) pursuant to Paragraph 5.1.  In such circumstances, Alexandria will be deemed the Designating Party under this Order.

5.2     Restrictions on DePippo's Ability to Review ARE Documents.  DePippo may have ARE documents in his possession, custody, or control, including documents in the possession of DataMine pursuant to the Forensic Review Protocol, ECF No. 6-1, that have not yet been designated under this Order as they have not yet been produced to ARE. DePippo may not review any such documents that he knows or should know contain ARE information (for the avoidance of doubt, even where such documents are responsive to discovery requests from ARE). Review of such documents shall be conducted by DePippo's Outside Counsel of Record. However, DePippo may review any such ARE documents that are ultimately produced in discovery, except that any such documents designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" may be reviewed by DePippo solely in compliance with the procedures set forth in Paragraph 7.3(b) below.

    5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, and until any challenge to a corrected designation is decided, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

    <u>5.4</u>    <u>Designation of Entire Documents</u>.  If any page of a document produced in response to discovery requests contains Protected Material, the Producing Party may designate the entire document for protection hereunder.

    <u>5.5</u>    <u>Withdrawal of Designations</u>.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Any such challenge shall comply with Sections 6.2 and 6.3 herein.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

    6.3    <u>Judicial Intervention</u>. [Disputed Provision – Please see parties' respective proposals in Joint Motion for Entry of Proposed Protective Order].

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. During the pendency of any challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Upon Final Disposition, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as Professional Vendors of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party itself, including officers, directors, and employees (including In-House Counsel), if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel, including any Court reporter or videographer transcribing or recording testimony, whether at a deposition, hearing or trial;

(e)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who, prior to or at the beginning of the deposition, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

10

(h)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Counsel (including In-House Counsel who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)), as well as Professional Vendors of the Receiving Party to whom it is reasonably necessary to disclose the information for this Action;

(b)    in the case of Alexandria information that is so designated (whether it is designated (1) by Alexandria, or (2) by Mr. DePippo, to the extent Mr. DePippo produces such information—which Mr. DePippo's Outside Counsel of Record believes to be reasonably necessary to discuss with Mr. DePippo for purposes of this litigation—to William DePippo, provided that (1) he shall not use, disclose, or discuss the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information with anyone or for any purpose except with his Outside Counsel of Record for purposes of this litigation, (2) he shall review "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information only in the immediate presence of his Outside Counsel of Record, and (3) he shall not retain any copies (digital or hard copy) of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information;

(c)    Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4 have been followed;

(d)     the Court and its personnel, including any Court reporter or videographer transcribing or recording testimony, whether at a deposition, hearing, or trial;

(e)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Stipulated Protective Order, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     [Disputed Provision – Please see parties' respective proposals in Joint Motion for Entry of Proposed Protective Order].

7.4     [Disputed Provision – Please see parties' respective proposals in Joint Motion for Entry of Proposed Protective Order].

7.5     <u>Legal Advice Based on Protected Material.</u>  Nothing in this Stipulated Protective Order shall be construed to prevent Counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

      (a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

      (c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protection.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain Litigation Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Subject to Section 5.2 above concerning certain restrictions on DePippo's review of ARE documents, nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. The provisions of Federal Rule of Evidence 502(b) do not apply.

12.    MISCELLANEOUS

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 7.2. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. These procedures for filing Protected Material with the Court shall apply only to pretrial proceedings. If necessary, the Parties shall propose to the Court procedures for the filing of Protected Material with regard to trial.

13.    <u>FINAL DISPOSITION</u>

Within sixty (60) days after the Final Disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain any copies of their own data that is produced in discovery or received through forensic analysis and any archival copy

15

of all pleadings; motion papers; deposition, hearing, and trial transcripts; legal memoranda; correspondence; deposition, hearing, and trial exhibits; Expert reports; attorney work product; and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4.

**SO ORDERED:**

Dated:  11-19-25

The Honorable Richard G. Stearns
United States District Judge