**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ALEXANDRIA REAL ESTATE
EQUITIES, INC.,

                Plaintiff,

      v.

WILLIAM DEPIPPO,

                Defendant.

Case No. l:25-cv-10708-RGS

## ORDER FOR PERMANENT INJUNCTION

**WHEREAS,** Alexandria Real Estate Equities, Inc. ("Plaintiff' or "ARE") filed a Complaint on March 26, 2025, thereby commencing the above-captioned action against William DePippo ("Defendant" or "DePippo") (together with ARE, the "Parties") alleging: (1) misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.;* (2) breach of contract; and (3) breach of fiduciary duty;

**WHEREAS,** the Parties agreed by way of a separate agreement not before the Court to resolve the claims in this action (the "Settlement Agreement");

**WHEREAS,** the Agreement includes an agreement by the Parties to jointly stipulate to this [Proposed] Order (the "Stipulated Injunction").

IT IS hereby **ORDERED** that:

1. William DePippo ("Defendant") is permanently prohibited from possessing, retaining, copying, disclosing, transferring, or in any way using any documents, writings, drawings, graphs, charts, photographs, sound recordings, images, files, and other data or data Compilations -- stored in any medium from which information can be obtained --

containing or reflecting any Alexandria Proprietary Information (as defined in the Employee Proprietary Information and Inventions Agreement between Alexandria and DePippo, Section 1.2) ("Alexandria Proprietary Information").

2. Defendant is permanently prohibited from disclosing, publishing, transferring, or using Alexandria Proprietary Information in any way, including such information that Defendant knows, irrespective of whether Defendant possessed such information in documentary form.

3. To the extent not destroyed as described in Paragraph 5 below, Defendant shall return to Plaintiff any originals, copies, facsimiles, or duplicates of any documents, writings, drawings, graphs, charts, photographs, sound recordings, images, files, and other data or data compilations -- stored in any medium from which information can be obtained -- in his possession, custody, or control containing or reflecting Alexandria Proprietary Information.

4. Consistent with the Agreement between the Parties, DePippo shall remove (i) all of Alexandria's Proprietary Information from his publications, including but not limited to internet domains under his control (including his websites and blogs), podcasts, and other means of disseminating information to the public ("DePippo Publications"), within three days of execution of this Agreement. Consistent with the Agreement between the Parties, DePippo shall permanently refrain from including such information in any DePippo Publications.

5. Within three days after Alexandria's forensic consultant and DePippo's forensic consultant confirm details of the mechanics of such final destruction, Defendant's forensic consultant shall destroy all documents designated for destruction in the Adjusted Forensic Review Protocol filed at Docket No. 33.

6. Defendant shall comply with all ARE policies governing the use of ARE documents and information, and shall further comply with his ongoing obligations under his Proprietary Information and Inventions Agreement with ARE, executed by DePippo on or about March 20, 2014 including but not limited to his obligations during Section 1.1 ("Recognition of Company's Rights; Nondisclosure"), Section 5 ("Non-Solicitation"), and Section 6 ("Non-Interference").

7. Consistent with the Agreement between the Parties, Defendant is permanently prohibited from making, publishing, or communicating to any person or entity or in any public forum (including any online forum) any defamatory or disparaging remarks, comments, or statements concerning ARE or its businesses, or any of its employees, officers, and existing and prospective customers, suppliers, investors and other associated third parties.

8. Within 14 days after entry of the Court's approval of this Stipulated Injunction, Defendant shall provide written notification of this Stipulated Injunction to any third party to whom Defendant communicated or distributed any ARE information.  In such notice, Defendant shall also request that the third parties return, destroy or refrain from using any ARE information in their possession henceforth. Within 21 days of entry of the Court's approval of this Stipulated Injunction, Defendant shall provide ARE with a copy of all notices provided to third parties along with certified receipts of delivery of those notices.

9. Within 30 days after confirmation by the parties' forensic consultants referenced above in Paragraph 5, Defendant shall provide a written certification, under penalty of perjury, that states, "During my employment at Alexandria, I did not use or disclose Alexandria's Proprietary Information (as defined in my Proprietary Information and Inventions Agreement), except as authorized by Alexandria.  I have not used or disclosed Alexandria's Proprietary Information since separating from employment at Alexandria.  I have returned

or destroyed all copies and versions of any documents containing Alexandria's Proprietary Information in my possession, custody, or control."

10. Within five business days after entry of the Court's approval of this Stipulated Injunction, DePippo shall make a payment to Alexandria of $100,000.

11. The obligations in Paragraphs 1, 2, 4, 6 and 7 above shall remain in force unless and until lifted by the Court, irrespective of the final dismissal of this action.

**SO ORDERED:**

Dated:  3/18/2026

/s/ Richard G. Stearns

The Honorable Richard G. Steams
United States District Judge